Abdul MAJEED, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE,
Attorney General Alberto R.
Gonzales, Respondents.

No. 06–21137–ag.

United States Court of Appeals,
Second Circuit.

May 1, 2007.

Khaghendra Gharti–Chhetry, Chhetry & Assoc., P.C., New York, NY, for Petitioner.

Gordon B. Cecil, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, on the brief), Muskogee, OK, for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Abdul Majeed petitions for review of an order of the Board of Immigration Appeals ("BIA") dated April 6, 2006, dismissing his appeal of Immigration Judge Elizabeth A. Lamb's (the "IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Majeed,* No. A70 695 850 (B.I.A. Apr. 6, 2006), *aff'g* No. A70 695 850 (Immig. Ct. N.Y. City Oct. 18, 2004). We assume the parties' familiarity with the balance of the facts, procedural history, and specification of issues on appeal.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we ... review the IJ's decision including the portions not explicitly discussed by the BIA." *Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). "We review the factual findings of the BIA to determine whether they are supported by substantial evidence and uphold those findings unless any reasonable factfinder would have been compelled to conclude to the contrary." *Yi Long Yang v. Gonzales,* 478 F.3d 133, 141 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B). Even if certain aspects of the IJ's adverse credibility determination are flawed, we may avoid remand where "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the same decision would be made were the petition remanded." *Xiao Ji Chen v. U.S. DOJ,* 471 F.3d 315, 338–39 (2d Cir.2006). In determining whether the IJ would adhere to her original decision on remand, we "should assess the entire record." *Id.* at 339.

Because the IJ misapprehended the record evidence in finding that Majeed testified inconsistently as to the duration

of his detention and his membership in the All Pakistan Muslim Zikri Anjuman, those aspects of her adverse credibility finding cannot stand. *Borovikova v. U.S. DOJ*, 435 F.3d 151, 156 (2d Cir.2006) (noting that adverse credibility determination cannot rest on a "misstatement of the facts").

■ Nevertheless, we conclude that remand would be futile. First, substantial evidence supports the remaining aspects of the IJ's adverse credibility determination. In particular, petitioner directly contradicted his own documentary evidence on a material point in his persecution narrative. Petitioner testified that "it is out of the question" that the Pakistani authorities forced him to sign a false confession, whereas a letter submitted in support of his application provides that petitioner indeed "was forced to sign a false confession."

Further, petitioner failed to submit corroborating evidence from his wife and sons, even though they had first-hand knowledge of his alleged persecution. Although the IJ was not required, under these circumstances, to specifically identify the absent corroborating evidence or establish that it was reasonably available, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004), we note that the evidence was identified, and the record reveals that it was reasonably available.

Second, our review of the record establishes that the IJ would adhere to her original decision were the case remanded. In addition to the contradiction described above, petitioner's testimony conflicts with his own prior statement, made in his 1992 application, that he was "released after confession was falsely signed under force." Moreover, petitioner's testimony varies from his 1992 application in another respect. In the 1992 application petitioner set forth that after he was released, the police "told [me] to come to court to prepare for an extended prison term." By contrast, petitioner testified that after he was released, "I was told by the police that I should not be going back to my own village. You can go anywhere you want, but make sure you don't come back to the village again." Given these inconsistencies, the lack of reasonably available corroborating evidence, and petitioner's general ignorance of his own documentary submissions, we can state with confidence that the IJ would adhere to her original decision on remand.

■ Additionally, since petitioner's asylum claim fails, he was "necessarily unable to establish [his] eligibility for withholding of removal" before the IJ. *Borovikova*, 435 F.3d at 161. Last, we conclude that the IJ properly denied petitioner's CAT claim. The relevant State Department Report provides that "Zikris are generally free to practice their religion" and "[v]iolence against Zikris is reportedly rare," and petitioner offered no evidence compelling a different conclusion in his case.

For those reasons, the petition is DENIED. The pending motion for a stay of deportation is DENIED as MOOT.